His Honor, EMILE GrODCHAUX,
rendered the opinion and decree of the 'Court, as follows:
In December, 1911, plaintiff was engaged by defendant to take down an electric sign from a building in Dallas, Texas, and to re-erect same on a building in Memphis, Tenn., .for a stipulated consideration. Plainti ff now sues for that sum and in addition thereto for compensation for extra labor and material furnished in connection with the work.
We are satisfied from our examination of the record that the evidence fully justifies the trial Court’s conclusion that the plaintiff performed its contract and is entitled to recover. The alleged defects which developed in the electric sign many months after its installation, are not shown to have been due to any fault on plaintiff’s part, but are apparently attributable to the ordinary wear and tear incident to the use to which the sign was subjected after plaintiff’s work had been completed, and after the sign had been turned over to defendant, in work *34 ing condition. In fact no complaint whatever as to the work was made until about nine months after its completion.
Plaintiff’s claim for extras is contested on the ground that the changes in the work that entailed this additional expense were not authorized by defendant. Plaintiff, however, has shown that the agent of defendant at Memphis directed the changes in question and that defendant •in fact paid direct for extra materials necessitated thereby. Despite defendant’s denial thereof, the authority of this agent is established by plaintiff’s direct evidence and by the circumstances surrounding the execution of the contract.
And since plaintiff is not responsible for the alleged defects nor for the extra cost resulting from the changes made in the work, defendant’s reconventional demand, in so far as it charges plaintiff with liability in these particulars, was'properly rejected.
There is one item, however, of the reconventional demand, amounting to,$60.68, which the trial Court inadvertently failed to' allow defendant, as it was fully proved and is admittedly due. Since the Court would have undoubtedly corrected this manifest error had its attention been seasonably directed thereto by defendant and appellant,- the latter equitably should be charged with the costs of this appeal, which in all other respects is unsuccessfully prosecuted.
The judgment upon the main demand is accordingly affirmed and that upon the reconventional demand is reversed; and it is further decreed that upon the reconvention-al demand of defendant there be judgment in its favor and against plaintiff in the sum of $60.68, with legal interest from judicial demand, and with costs of the re-. *35 conventional demand in the Court below, the defendant and appellant to pay the costs of this appeal.
Opinion and decree, November 22nd, 1915.
Amended.
St. Paul, J., not having heard the argument, takes no part.